IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PACIFIC UNION FINANCIAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| JASON PERRY, | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL OF AN ACTION FROM STATE COURT

Defendant Jason Perry ("Defendant") files his Notice of Removal of an Action from State Court, hereby effecting the removal of the above-referenced action from the 101st Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and Local Rule 81.1 of the Local Rules for the Northern District of Texas. As grounds for this removal, Defendant states as follows:

### I. Pleadings, Process, and Orders

1. On October 24, 2018, Plaintiff Pacific Union Financial, LLC ("Plaintiff") filed suit against Defendant in the 101st Judicial District Court of Dallas County, Texas, Case No. DC-18-16111 (the "State Court Action").

2. Defendant has not been served with service of process yet. Therefore, the 30-day removal deadline has not been triggered. Accordingly, this Notice of Removal is timely filed. A true and correct copy of the Original Petition is attached as **Exhibit A**.

### II. Jurisdiction and Venue

3. This Court has original subject matter jurisdiction over this lawsuit based on diversity of citizenship.

4. By filing this Notice of Removal, Defendant does not make a general appearance in this Court or the State Court and does not consent to the personal jurisdiction of this Court or the State Court. *See Ariz. v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) (superseded by statute on other grounds) ("[I]f the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal."); *United States Brass Corp. v. AM. Gas Furnace Co.*, No. 3:01-CV-0414-H, 2001 U.S. Dist. LEXIS 13251, *3 (N.D. Tex. Aug. 29, 2001) ("As a general rule, a party does not waive any Fed. R. Civ. P. 12(b) defenses by removing an action from state to federal court."). Defendant reserves all rights to raise any and all available defenses in this Court or in the State Court in the event of a remand.

5. The United States District Court for the Northern District of Texas, Dallas Division, embraces the place where this lawsuit was pending. Therefore, venue for this removal is proper in this Court pursuant to 28 U.S.C. § 1446(a). Defendant does not concede, however, that venue is proper in this Court for this action against an Alabama resident with no ties to Texas and reserves all rights to seek a dismissal or transfer to a more appropriate venue after removal.

### A.    *Removal Based on Diversity of Citizenship Jurisdiction*

6. Removal of this action is proper because there is complete diversity of citizenship among all properly-joined parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Plaintiff, Pacific Union Financial, LLC, is California limited liability company doing business in Texas with its principal place of business in Irving, County of Dallas, Texas.

8. Defendant, Jason Perry is an individual who resides in Phenix City, Alabama. Thus, Defendant is a citizen of Alabama and not a citizen of Texas.

9. As such, complete diversity of citizenship exists between Plaintiff and Defendant.

10. Plaintiff seeks monetary damages for alleged loss of its confidential information, alleged, loss customers, and attorney's fees, among other costs. Plaintiff also seeks recovery of exemplary and punitive damages. While Plaintiff does not specifically allege the value of this relief, it does not allege it is less than $75,000 and, on information and belief, Defendant reasonably believes that Plaintiff will seek more than $75,000 in monetary damages (inclusive of attorney's fees, exemplary damages, and other costs).

11. Moreover, Plaintiff seeks injunctive relief to prevent Mr. Perry from working for an indefinite period of time. "The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected of the extent of the injury to be prevented." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)).

12. Plaintiff submitted as support for the TRO request in its Petition Mr. Perry's Duties and Compensation Agreement Wholesale Account Executive (Inside Sales) dates March 26, 2018. That document reveals that Mr. Perry was entitled to receive, among other compensation, non-recoverable draws ranging from $18,000 to $22,000 per month, for a total of $120,000, over the six-month period ending in September 2018. *See* Hoke Affidavit Ex. A-1 ¶ 4(a). The value of Defendant's salary is a reasonable measure of the value of the injunctive relief seeking to prevent his employment. Thus, the value of the injunctive relief sought by Plaintiff is in excess of $75,000.

13. Accordingly, the facts alleged in the Petition demonstrate an amount in controversy in excess of the jurisdictional limit of $75,000.

14. Accordingly, this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and the State Court Action is removable pursuant to 28 U.S.C. §§ 1441 and 1446.

**B.     *Venue***

15. Because the State Court Action is pending in the 101st Judicial District Court of Dallas County, Texas, which lies within the United States District Court for the Northern District of Texas, Dallas Division, venue is proper in this Court pursuant to 28 U.S.C. § 1446(a).[1]

### III.     Timeliness of Removal

16. Removal of this matter has been timely effectuated. Defendant has not been served with service of process.. Thus, the thirty-day time period for removal has not commenced. Therefore, this removal is timely under 28 U.S.C. § 1446(b).

### IV.     Service

17. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of Texas, written notice of such filing is being served upon Plaintiff's attorneys of record. In addition, a copy of the Notice of Removal will be filed with the 101st Judicial District Court of Dallas County, Texas. As such, Defendant has met the notice requirements set out in 28 U.S.C. § 1446(d).

### V.     Payment of Filing Fee

18. Along with this Notice of Removal, Defendant has concurrently tendered the proper filing fee.

### VI.     Compliance with Local Rules

19. Pursuant to Local Rule 81.1 of the United States District Court for the Northern District of Texas, the following documents are attached to this Notice of Removal:

---

[1] As stated above, Defendant does not consent to the venue of this Court and reserves all rights to raise any objections to venue at the appropriate time.

    a.    an index of all documents that clearly identifies each document and indicates the date on which each was filed in the State Court Action, attached as **Exhibit B**;

    b.    At this time, Defendant is unable to attach a full copy of the docket sheet in the State Court Action because the Dallas County Court's online access to court dockets is not functional. A true and correct copy of a screen shot showing the error message received is attached as **Exhibit C**. Defendant will supplement this notice of removal with the full docket from the State Court Action as soon as it is available;

    c.    copies of each document filed in the State Court Action, attached as Exhibits **D**; and

    d.    a separately signed certificate of interested persons that complies with Local Rule 3.1(c), attached as **Exhibit E**.

WHEREFORE, Defendant Jason Perry removes this action from the 101st Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas.

                      Respectfully submitted,

                      By:  */s/ Clay A. Hartmann*
                           Clay A. Hartmann
                           State Bar No. 00790832
                           clay.hartmann@thehartmannfirm.com

                      The Hartmann Firm, P.C.
                      6677 Gaston Avenue
                      Dallas, TX  75214
                      Telephone: 214 828 1822

                      **ATTORNEYS FOR DEFENDANT JASON PERRY**

## **CERTIFICATE OF SERVICE**

On October 26, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Clay A. Hartmann*
Clay A. Hartmann